OPINION of the Court, by
Ch. J. Boyie.
.This is a writ of error to a decree pronounced in favor of the defendant in error against the plaintiffs, for the amount of a hill of exchange, costs of protest, damages, &o.
The case, as made out by the defendant in error by his hill, is in substance as follows: That having sold to Benjamin Bovey a lot of ground, the latter drew in his íaVor a hiU of exchange for the price, upon Uriah Tra-. *77 eey, at Washington City; that on application %eing made for a title, by a person to whom Hovey had sold the lot, the defendant in error refused to convey, unless he was indemnified against the bill of exchange, lie having passed it aw ay by endorsement; that the plaintiffs in error thereupon entered into a covenant for that purpose, and in consequence thereof he conveyed the lot; hut that tlie covenant so entered into by the plaintiffs was by mistake so drawn as to purport to indemnify him for the endorsement made by him on a bill of exchange drawn by Benjamin Hovey in favor of Prather and Smiley, when in truth there w as no such bill, instead of being written as it was intended to indemnify him for the endorsement made by liim on a bill drawn in his own favor.
The statute against frauds and perjuries, is the only ground of defence relied on by the plaintiffs in error.
' It is very clear that they were under no obligation to indemnify the defendant, prior to entering into the covenant : for they Were not parties to the bill of exchange, nor were they concerned in interest in the contract which was the consideration upon which the bill was drawn. Their undertaking, therefore, w7as collateral; pr in the words of the statute against frauds and perjuries, it was to answer for the debt, default or miscarriage of another person; and consequently, unless it he in writing it comes literally within the provisions of the statute. To take the case out of the provisions of the statute, it is not sufficient that there is a writing between the parties, unless the writing were expressive of the duty or obligation which the suit or action is intended to enforce : for if the duty or obligation intended to be enforced, be not contained in the writing, it ⅛ obvious that the action must be founded upon a contract dehors the writing, and which can be established only by proof aliunde. Whether, in fact, the plaintiffs in error would be responsible upon their written agreement, is not material to determine in this case: for if they would, the defendant might have, his remedy against them at law, and on that ground a court of equity ought to refuse its aid. To sustain the. jurisdiction of a court of equity, therefore, it is necessary to assume as a postula-tum, that the plaintiffs in error are not responsible upon their written agreement; and indeed it is the manifest and avowed object of this suit, to extend their obligation a case not provided for by that agreement.
*78 Tlie suit then having for its object the enforcement of* a duty not arising from the written agreement, it í-esults that it must be founded upon a contract existing in pa-rol, and whicli can bp established only hy oral evidence. To sustain the suit, therefore, would be in direct violation of the letter as well as the spirit of the statute.
Nor does the circumstance of their not being respon-, sible on the written agreement, in consequence of a mistake in reducing the contract to writing, form an excep-tion from the statute.(a) There is certainly no such ?xccPci°n contained in the, statute itself, and it would be arbitrary and unjustifiable in the court to make an ex-ception which tlie legislature have not made, nor indica-the slightest intention of making. Such a circum-no doubt would be an availing defence against an attempt to compel the specific execution of a written agreement: for although the statute prohibits an actio q from being brought on an agreement not reduced to writing, it does not say that every agreement in writing may be enforced by action. These are left upon the grounds upon which they stood before the passage of the statute ; and it was always an admissible deience against the specific performance of a written agreement, to shew hy parol that it did not comport with the intention of the parties. But to enforce an agreement beyond, or'contrary to the terms which are expressed in writing, on the ground of mistake, would be repugnant to the express provisions of the statute, and wholly unwarrante4 by the most approved authorities — See Roberts on Frauds, 83, and the authorities there cited, and 4 Cranch 415.
A majority of the court (Judge Logan dissenting) are therefore of opinion that tlie bill w as in this case improperly sustained.
The decree must be reversed with costs, and the cause remanded that the bill may be dismissed w ith costs.

 See vol. 2, Coger's ex'rs vs. M'Gee, 323 - Garten and ux vs. Chandler, 246.